

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SCOTTIE RAY MARTIN, <br><br> Petitioner, <br><br> v. <br><br> J.D. HARTLEY, Warden, <br><br> Respondent. | Case No. EDCV 09-1420-R (MLG) <br><br> MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

**I. Factual and Procedural Background**

Petitioner is a state prisoner currently incarcerated at the California State Prison in Avenal, California. He filed this petition for writ of habeas corpus on July 28, 2009. Because this is Petitioner's second petition challenging the same underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The following facts and procedural history are taken from the Report and Recommendation filed by this Court on September 15, 2008, in *Martin v. Hartley*, Case No. EDCV 08-00581-R, in which the Court denied Petitioner's motion for production of state court transcripts:

//

In 1989, petitioner was convicted of nine counts of rape, as well of numerous counts of robbery, assault, possession of a firearm by a felon, arising from a series of sexual assaults involving five different victims. He was sentenced to 130 years in state prison. The California Court of Appeal affirmed the conviction and remanded the matter for sentence modification on September 10, 1990. The California Supreme Court denied review on December 12, 1990.

In 1996, Petitioner filed a series of state habeas corpus petitions. All of them were denied. On April 23, 1997, petitioner filed a petition for writ of habeas corpus in the Untied States District Court for the Central District of California. That petition was dismissed without prejudice for failure to exhaust state remedies on August 18, 1997. On July 23, 1999, petitioner filed another habeas corpus petition in this court. That petition was dismissed with prejudice in January 2000, because it was untimely filed. *Scottie Ray Martin v. Don Taylor, etc.*, Case No. CV 99-7627-HLH (EE). Both this Court and the United States Court of Appeals for the Ninth Circuit denied requests for certificates of appealability. On March 4, 2001, the Supreme Court denied Martin's petition for writ of certiorari.

The current petition reveals that in 2003, Petitioner returned to the state courts in an attempt to obtain DNA testing of certain unspecified evidence. A hearing on a motion for DNA testing was apparently held in the San Bernardino County Superior Court in August 2007, but the motion was denied because the relevant evidence had been destroyed. Petitioner then filed a petition for writ of habeas corpus

in the San Bernardino County Superior Court, claiming that he was actually innocent of the offenses of which he was convicted, and that the state illegally allowed exculpatory evidence to be destroyed. That petition was denied on November 18, 2008. Petitions for writ of habeas corpus were subsequently denied by the California Court of Appeal and the California Supreme Court, most recently on July 15, 2009. *In re Martin*, Case No. S170127.

This petition followed. Petitioner claims that his Constitutional rights were violated by the state courts' denials of his requests for DNA testing and by the state's failure to preserve exculpatory evidence. However, this petition seeks to challenge the same underlying convictions that were the subject of the untimely petition filed in *Martin v. Taylor*, Case No. CV 99-7627-HLH (EE). For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply to the United States Court of Appeals for the Ninth Circuit for leave to file a successive petition.

**II. Discussion.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from

3

the court of appeals. Accordingly, summary dismissal of this petition is warranted.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 157.

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(i). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. §

4

2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.") This is so even if the dismissal of the earlier petition was based upon the failure to comply with the one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir.2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Reyes*, 276 F.Supp.2d at 1029 (same).

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition without prejudice is required.

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

Dated: July 31, 2009

Manuel L. Real
United States District Judge

Presented by:

Marc L. Goldman
United States Magistrate Judge